UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROBERT WHITE,

    Plaintiff,

v.                                                         Case No. 8:18-cv-2275-T-SPF

ANDREW M. SAUL,
Commissioner of the Social
Security Administration,[1]

    Defendant.
_____/

## ORDER

Plaintiff seeks judicial review of the denial of his claim for Supplemental Security Income ("SSI"). As the Administrative Law Judge's ("ALJ") decision was based on substantial evidence and employed proper legal standards, the Commissioner's decision is affirmed.

### I. Procedural Background

Plaintiff filed an application for SSI (Tr. 283-91). The Commissioner denied Plaintiff's claims both initially and upon reconsideration (Tr. 123-53). Plaintiff then requested an administrative hearing (Tr. 169-71). Per Plaintiff's request, the ALJ held a hearing at which Plaintiff appeared and testified (Tr. 62-78). Plaintiff also appeared and testified at a supplemental hearing (Tr. 53-61). Following the hearings, the ALJ issued an

---

[1] Andrew M. Saul became Commissioner of Social Security on June 17, 2019. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Mr. Saul is substituted for Acting Commissioner Nancy A. Berryhill as Defendant in this suit.

unfavorable decision finding Plaintiff not disabled and accordingly denied Plaintiff's claims for benefits (Tr. 33-45). Subsequently, Plaintiff requested review from the Appeals Council, which the Appeals Council denied (Tr. 1-7). Plaintiff then timely filed a complaint with this Court (Doc. 1). The case is now ripe for review under 42 U.S.C. §§ 405(g), 1383(c)(3).

II. Factual Background and the ALJ's Decision

Plaintiff, who was born in 1980, claimed disability beginning July 1, 2009 (Tr. 283). Plaintiff obtained some high school education (Tr. 65). Plaintiff's past relevant work experience included work as a fast food worker and pizza delivery driver (Tr. 44). Plaintiff alleged disability due to fibromyalgia, bipolar disorder, high blood pressure, celiac disease, plaque psoriasis, arthritis, bulging disk, and neuroma (Tr. 354).

In rendering the administrative decision, the ALJ concluded that Plaintiff had not engaged in substantial gainful activity since May 30, 2014, the application date (Tr. 35). After conducting the hearings and reviewing the evidence of record, the ALJ determined Plaintiff had the following severe impairments: chronic pain syndrome; joint pain; spondylosis; cervicalgia; Crohn's disease; hypertension; irritable bowel syndrome ("IBS"); fibromyalgia; degenerative disc disease; asthma; scoliosis; unspecified bipolar and related disorder; generalized anxiety disorder; and antisocial personality disorder (Tr. 35). Notwithstanding the noted impairments, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 35). The ALJ then concluded that Plaintiff retained a residual functional capacity ("RFC") to perform

medium work with the following limitations: can lift and/or carry 50 pounds occasionally and 25 pounds frequently; can stand and/or walk for six hours in an eight-hour workday and sit for six hours in an eight-hour workday; can frequently push and/or pull with the upper extremities, climb ramps and stairs, balance, stoop, kneel, crouch, crawl, reach waist to chest with both arms, reach above shoulder level with both arms, handle with both hands, finger with both hands, and feel with both hands; can occasionally climb ladders and scaffolds and work around high, exposed places; can frequently work around extreme cold, extreme heat, wetness, humidity, vibration, pulmonary irritants, and moving mechanical parts; able to perform simple, routine, repetitive tasks and is able to understand, remember, and carry out simple instructions; is limited to work that requires occasional interaction with the public and supervisors, as well as occasional interaction with coworkers, defined to mean coworkers are on the premises, but not in the individual's work space on more than an occasional basis; and is unable to meet fast-paced, high production demands (Tr. 37-38). In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that, although the evidence established the presence of underlying impairments that reasonably could be expected to produce the symptoms alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of his symptoms were not entirely consistent with the medical evidence and other evidence (Tr. 39).

Considering Plaintiff's noted impairments and the assessment of a vocational expert ("VE"), however, the ALJ determined Plaintiff could not perform his past relevant work (Tr. 44). Given Plaintiff's background and RFC, the VE testified that Plaintiff could

perform other jobs existing in significant numbers in the national economy, such as a cleaner II; bagger, bench work; and scrap sorter (Tr. 45). Accordingly, based on Plaintiff's age, education, work experience, RFC, and the testimony of the VE, the ALJ found Plaintiff not disabled (Tr. 45).

### III. Legal Standard

To be entitled to benefits, a claimant must be disabled, meaning he or she must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities, which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. § 416.920. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. § 416.920(a). Under this process, the ALJ must determine, in sequence, the following: whether the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, *i.e.*, one that significantly limits the ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404 Subpart P,

Appendix 1; and whether the claimant can perform his or her past relevant work. If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of his or her age, education, and work experience. 20 C.F.R. § 416.920(a). A claimant is entitled to benefits only if unable to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); 20 C.F.R. § 416.920(g).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938) (internal quotation marks omitted)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citations omitted).

In reviewing the Commissioner's decision, the court may not re-weigh the evidence or substitute its own judgment for that of the ALJ even if it finds that the evidence preponderates against the ALJ's decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal. *Keeton*, 21 F.3d at 1066. The scope of review is

thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).

**IV. Analysis**

Plaintiff argues here that the ALJ erred by (1) not adequately considering the opinion of the consultative examiner, Dr. Lebowitz; (2) not providing a sufficient justification for giving little weight to the opinion of consultative psychologist, Dr. Gehle; and (3) not giving a sufficient explanation for rejecting the opinion of Dr. Orbegozo. For the reasons that follow, the ALJ applied the correct legal standards, and the ALJ's decision is supported by substantial evidence.

    **A.** Whether the ALJ adequately addressed the opinion of the consultative examiner, Dr. Lebowitz

Consultative examiner Charles Lebowitz, M.D. found that Plaintiff could carry 50 pounds occasionally or 20 pounds frequently (Tr. 1032). He also found that Plaintiff was able to stand for a total five hours and walk for a total four hours at one time without interruption in an eight-hour workday (Tr. 1033). The ALJ assigned great weight to Dr. Lebowitz's "exertional opinions" (Tr. 42), but, Plaintiff argues, the ALJ's RFC assessment is inconsistent with Dr. Lebowitz's functional limitations. Specifically, the RFC assessment limits Plaintiff to lifting 25 pounds frequently (instead of 20 pounds) and standing and/or walking for six hours in a workday (instead of five hours of standing and four hours of walking) (Tr. 37). Plaintiff suggests that this inconsistency is the equivalent of the ALJ assigning little weight to a doctor's findings without stating with particularity the reasons why.

6

While Plaintiff cites to *Winschel v. Commissioner of Social Security*, 631 F.3d 1176, 1179 (11th Cir. 2011), for the proposition that an ALJ must state with particularity the weight given to different medical opinions and the reasons therefore, he does not cite any authority for the assertion that an ALJ not adopting each functional limitation exactly as suggested by a medical provider to whom the ALJ afforded great weight is improper or the equivalent of assigning a lesser weight to that opinion without adequate explanation. *See, e.g., Outlaw v. Barnhart*, 197 F. App'x 825, 828 n.3 (11th Cir. 2006)[2]; *N.L.R.B. v. McLain of Ga., Inc.*, 138 F.3d 1418, 1422 (11th Cir. 1998) ("Issues raised in a perfunctory manner, without supporting arguments and citations to authority are generally deemed to be waived."). Moreover, Plaintiff concedes that "an ALJ is not required by law to accept each and every functional limitation described in a doctor's opinion" (Doc. 19 at 19).

In fact, while the ALJ's RFC determination must be supported by substantial evidence, the assessment of a claimant's RFC and corresponding limitations are "within the province of the ALJ, not a doctor." *Cooper v. Astrue*, 373 F. App'x 961, 962 (11th Cir. 2010). Because the determination of a claimant's RFC is reserved for the Commissioner, the ALJ did not have to afford great weight to any part of Dr. Lebowitz's opinion that articulated Plaintiff's RFC. *See* 20 C.F.R. § 416.927(d); S.S.R. 96-5p, 1996 WL 374183, at *2 (July 2, 1996) (stating that although the ALJ must always consider medical source opinions on any issue, "treating source opinions on issues that are reserved to the Commissioner [for example, an individual's RFC] are never entitled to controlling weight

---

[2] Unpublished opinions of the Eleventh Circuit Court of Appeals are not considered binding precedent; however, they may be cited as persuasive authority. 11th Cir. R. 36-2.

or special significance" because this would, in effect, give the treating source the authority to determine whether a claimant is disabled). As such, the ALJ's RFC need not be identical to a particular assessment of record or incorporate the precise limitations set forth by a physician. *See* 20 C.F.R. § 416.945(a)(3) (stating that the ALJ must base the RFC on *all* of the relevant medical and other evidence) (emphasis added).

Here, the ALJ was under no legal obligation to adopt Dr. Lebowitz's conclusions verbatim or at all. Rather, he was required to evaluate this opinion with the rest of the evidence of record, which he did. For example, the ALJ additionally relied on the opinion of state agency physician, Suzanne Johnson, D.O., which the ALJ assigned substantial weight (Tr. 44, 147-49). Dr. Johnson indicated that Plaintiff could occasionally lift and/or carry 50 pounds; frequently lift and/or carry 25 pounds; stand and/or walk about six hours in an 8-hour workday; and sit about six hours in an 8-hour workday (Tr. 147). Therefore, the ALJ did not err by not adopting Dr. Lebowitz's functional limitations completely as to the RFC. The ALJ properly afforded great weight to the portions of Dr. Lebowitz's opinion that were supported by the record as a whole. S.S.R. 96-5p, 1996 WL 374183, at *3. As such, the Court finds the ALJ's RFC assessment is supported by substantial evidence.

> **B.** Whether the ALJ gave an adequate explanation for rejecting Dr. Gehle's opinion

The ALJ assigned lesser weight to the psychological consultative examination by Nicholas Gehle, Psy.D. than to the psychological consultative examination by Lawrence Pasman, Ph.D. (Tr. 41-42). Plaintiff asserts that the ALJ did not provide sufficient justification for giving this lesser weight to Dr. Gehle's opinion. To the contrary, the ALJ

8

explicitly explains that Dr. Gehle's opinions, that claimant had marked limitation in social interaction with coworkers and with adaptation, are not supported due to "the claimant's lack of significant mental health related reports to treating sources, lack of significant mental symptoms, signs, or dysfunction noted by treating sources, and the stable, conservative nature of the claimant's mental health treatment throughout the relevant period" (Tr. 42).

Plaintiff then goes on to point to evidence in the record of mental health symptoms during visits to treating physicians and examining consultants (Doc. 19 at 24). The Court, however, declines Plaintiff's invitation to reweigh the evidence. *See Bloodsworth*, 703 F.2d at 1239 (in reviewing the Commissioner's decision, the court may not re-weigh the evidence or substitute its own judgment for that of the ALJ even if it finds that the evidence preponderates against the ALJ's decision). An ALJ may discount a physician's opinion when the opinion is inconsistent with the record as a whole or the evidence otherwise supports a contrary finding. *See* 20 C.F.R. § 416.927(c); *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1159-60 (11th Cir. 2004); *Phillips v. Barnhart*, 357 F.3d 1232, 1240-41 (11th Cir. 2004). The ALJ's reasons given for discounting Dr. Gehle's opinion are proper and supported by substantial evidence.

### C. Whether the ALJ offered good cause for giving little weight to Dr. Orbegozo's opinion

Finally, Plaintiff contends that the ALJ did not give a sufficient explanation for rejecting the opinion of Maurido Orbegozo, M.D., a pain management specialist physician. Dr. Orbegozo met with the Plaintiff on only one occasion but worked with Plaintiff's long term pain management physician, Jorge J. Leal, M.D. As such, Plaintiff

seems to argue that Dr. Orbegozo should be viewed as a treating source.[3]  Although Plaintiff fails to cite any authority for this proposition, the ALJ appears to have considered Dr. Orbegozo as a treating source – identifying him as a "[t]reating pain management specialist physician" (Tr. 43).

While a treating doctor's opinion is generally entitled to substantial or considerable weight, an ALJ may discount that opinion when the opinion is conclusory, the doctor fails to provide objective medical evidence to support their opinion, the opinion is inconsistent with the record as a whole, or the evidence otherwise supports a contrary finding.  *See* 20 C.F.R. § 416.927(c)(2); *Crawford*, 363 F.3d at 1159-60.  In assessing the claimant's RFC, "the ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion."  *Sryock v. Heckler*, 764 F.2d 834, 835 (11th Cir. 1985); *accord Sharfarz v. Bowen*, 825 F.2d 278, 280 (11th Cir. 1987) ("Of course, the ALJ may reject any medical opinion if the evidence supports a contrary finding.").  As such, the opinion of a single physician is not determinative of the claimant's RFC.  *See Beegle v. Soc. Sec. Admin., Comm'r*, 482 F. App'x 483, 486 (11th Cir. 2012) ("A claimant's residual functional capacity is a matter reserved for the ALJ's determination, and while a physician's opinion on the matter will be considered, it is not dispositive.").

Here, the ALJ assigned very little weight to Dr. Orbegozo's assessment because it was inconsistent with the negative examination findings from Dr. Orbegozo's August 22, 2016, treatment notes; inconsistent with other pain management specialists and other

---

[3] Plaintiff's brief actually reads "Therefore, Dr. Orbegozo should be viewed as an *examining* rather than a *treating* source." Doc. 19 at 27 (emphasis added).  However, this appears to be a typographical error as it is in contradiction to the argument as a whole.

treatment notes from the relevant period showing few, if any, examination abnormalities or observed physical dysfunction; and inconsistent with the detailed physical consultative examination and assessment and the opinions of Dr. Lebowitz, which the ALJ afforded great weight (Tr. 43). Plaintiff contends that the August 2016 record is actually consistent with the functional limitations that Dr. Orbegozo described. Plaintiff cites to the August 2016 note that Plaintiff's "pain is worsened by bending, sitting, standing, twisting, and walking" (Tr. 1082). The record from the same visit, however, also notes that Plaintiff was alert and in no acute distress (Tr. 1084), had a normal range of motion and normal muscle strength/tone in his cervical spine, thoracic spine, and lumbosacral spine (Tr. 1085), had a normal gait and could stand without difficulty (Tr. 1085), and his reflexes and sensation were intact (Tr. 1085). Thus, the ALJ's discussion of negative examination findings is supported by substantial evidence.

Under a substantial evidence standard of review, Plaintiff must do more than point to evidence in the record that supports his position; instead, he must show the absence of substantial evidence supporting the ALJ's conclusion. *See Sims v. Comm'r of Soc. Sec.*, 706 F. App'x 595, 604 (11th Cir. 2017) (citing *Barnes v. Sullivan*, 932 F. 2d 1356, 1358 (11th Cir. 1991)). Here, the ALJ clearly articulated good cause for discounting Dr. Orbegozo's opinion.

Accordingly, it is hereby

ORDERED:

1. The decision of the Commissioner is affirmed.

2. The Clerk is directed to enter final judgment in favor of the Commissioner and close the case.

**ORDERED** in Tampa, Florida, on this 30th day of September, 2019.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE